UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NARENDRA NAIDU LINGUTLA,

    Plaintiff,

v.      No. 1:24-cv-00387-MV-GJF

MERRICK GARLAND,
ALEJANDRO MAYORKAS and
UR M. JADDOU,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, brings this action "to compel Defendants to adjudicate his application for Adjustment of Status to Permanent Residence (Form I-485)." Complaint for Mandamus, Declaratory and Injunctive Relief, Doc. 1, filed April 23, 2024 ("Complaint"). Plaintiff is suing Defendants in their official capacities. *See* Complaint at 2-3.

Plaintiff has filed a Motion for Default Judgment stating that "Service of a copy of the Summons, Complaint, and Answer form in this case were made on defendant(s) on the Fourteenth day of May, 2024," and that Defendants Garland, Mayorkas and Jaddou "have failed to appear or to file an Answer or other responsive pleading to the Complaint." Doc. 11, filed July 19, 2024. Plaintiff filed five "Summons Returned Executed" which indicate answers or motions pursuant to Rule 12 of the Federal Rules of Civil Procedure must be filed by June 24-July 19, 2024. *See* Doc's 4-8, filed May 1, 15, 2024. None of the Defendants has filed an answer or Rule 12 motion.

Rule 4 of the Federal Rules of Civil Procedure states:

> To serve . . . a United States Officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer, or employee."

Fed. R. Civ. P. 4(i)(2).

> To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
>> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

It appears Plaintiff has not properly served Defendants. Plaintiff filed a "Summons Returned Executed" showing that Plaintiff served Defendant Garland by certified mail but has not shown that he served a copy of the summons and complaint against Defendant Garland to the United States Attorney for the District of New Mexico. *See* Doc. 4; Fed. R. Civ. P. 4(i)(1) (requiring delivery of summons and complaint to the United States Attorney for the district where the action is brought). Plaintiff has not filed proof of service showing that he has served Defendants Mayorkas and Jaddou with a copy of the summons and of the complaint by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(2) (requiring that a party must send a copy of the summons and complaint to United States officers and employees sued in an official capacity). Four of the summonses are deficient because they are directed to Jonathan Meyer and Alexander Uballez, neither of whom are a defendant. *See* Doc's 5-8; Fed. R. Civ. P. 4(a)(1)(B) ("A summons must . . . be directed to the defendant").

The Court orders Plaintiff to show cause why the Court should not deny the Motion for Default Judgment. Plaintiff must clearly show that Plaintiff properly served *each* Defendant

pursuant to Rule 4 of the Federal Rules of Civil Procedure. If Plaintiff has not properly served each Defendant, Plaintiff must complete service within 30 days of entry of this Order. *See* Fed. Civ. P. 4(i)(4) ("The court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States"). Plaintiff must, for each Defendant, provide the address to which Plaintiff mailed the summons and copy of the Complaint. Failure to timely show that Plaintiff properly served each Defendant or failure to timely complete service may result in dismissal of this case. *See* Fed. Civ. P. 4(m) ("If a defendant is not served within 90 days after the Complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of Plaintiff's obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 30 days of entry of this Order, complete service on *each* Defendant and show that Plaintiff properly served *each* Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Failure to timely complete service and file proof of service may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE