**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

NARENDRA NAIDU LINGUTLA,

      Plaintiff,

v.                                                                              No. 1:24-cv-00387-MV-GJF

MERRICK GARLAND,
ALEJANDRO MAYORKAS and
UR M. JADDOU,

      Defendants.

**SECOND ORDER TO SHOW CAUSE**

      Plaintiff, who is proceeding *pro se*, brought this action "to compel Defendants to adjudicate his application for Adjustment of Status to Permanent Residence (Form I-485)." Complaint for Mandamus, Declaratory and Injunctive Relief, Doc. 1, filed April 23, 2024 ("Complaint"). Plaintiff filed a Motion for Default Judgment stating that "Service of a copy of the Summons, Complaint, and Answer form in this case were made on defendant(s) on the Fourteenth day of May, 2024," and that Defendants Garland, Mayorkas and Jaddou "have failed to appear or to file an Answer or other responsive pleading to the Complaint." Doc. 11, filed July 19, 2024. None of the Defendants filed an answer or Rule 12 motion.

      The Court notified Plaintiff that it appeared Plaintiff had not properly served Defendants and ordered Plaintiff to show cause why the Court should not deny the Motion for Default Judgment stating that Plaintiff must clearly show that Plaintiff properly served each Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Order to Show Cause, Doc. 13, filed August 7, 2024.

      Plaintiff has not shown that Plaintiff has properly served each Defendant. Plaintiff did not file a response describing how Plaintiff properly served each Defendant. Instead, Plaintiff filed 80

pages of emails, copies of summonses, copies of United States Postal Service certified mail receipts and USPS Tracking, and other documents. *See* Doc. 15, filed August 30, 2024 ("Documents Filing"). The Court will not review the record or make a party's arguments for it. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants;" "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"). Plaintiff also did not include a title, sign the Documents Filing or identify the relevant portions of the Documents Filing as required by the Federal and Local Rules of Civil Procedure. *See* D.N.M.LR-Civ. 10.2 ("The title of a document must clearly identify its substance and any filed document to which it responds or is connected"); Fed. R. Civ. P. 11(a) ("Every . . . paper must be signed. . . by a party personally if the party is unrepresented"); D.N.M.LR-Civ. 10.6 "The portions of an exhibit the party wishes to bring to the Court's attention must be marked"); Order to Show Cause (notifying Plaintiff of their obligation to comply with the Federal and Local Rules of Civil Procedure).

**Notice Regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal. *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**IT IS ORDERED** that Plaintiff shall, within 14 days of entry of this Order, file a response clearly showing that Plaintiff properly served each Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Failure to timely file the response may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE